**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)     *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIAMOND TURNER, | |
| 1333 S 54th Street | Civil Action No. |
| Philadelphia, PA 19143 | |
|     Plaintiff, | |
|         v. | **COMPLAINT AND** |
| | **JURY DEMAND** |
| AMERICAN AIRLINES GROUP, INC., | |
| 8500 Essington Avenue | |
| Philadelphia, PA 19153 | |
| | |
| 4333 Amon Carter Boulevard | |
| Fort Worth, TX 76155 | |
|     Defendant. | |

**CIVIL ACTION**

Plaintiff, Diamond Turner (hereinafter "Plaintiff"), by and through her attorney, brings this civil matter against Defendant, American Airlines Group, Inc. (hereinafter, "Defendant"), alleging she was subject to unlawful violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"), and avers and alleges as follows:

**THE PARTIES**

1. Plaintiff is an adult individual domiciled in the above captioned address.

1

2. Defendant is a major airline with a location at 8500 Essington Avenue, Philadelphia, PA 19153 and with a corporate headquarters located at 4333 Amon Carter Boulevard, Fort Worth, TX 76155.

3. At all relevant times hereto, Defendant employed the requisite number of employees under the applicable statutes and was a covered entity.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decision, these individuals engaged in the practice of treatment which forms the basis of Plaintiff allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in the judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the PHRA and the PFPO.

13. Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"), signed August 18, 2022, alleging sexual harassment and retaliation against Defendant.

14. The Charge was assigned a Charge Number of 530-2022-06464 and Plaintiff requested the charge be dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") by request and that Notice is dated November 21, 2024. Plaintiff received the notice by electronic mail.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On May 2, 2022, Defendant hired Plaintiff in the position of Fleet Service Agent.

21. Plaintiff was well qualified for her position and performed well.

22. At the start of her employment, Plaintiff was assigned to be trained under Paul Roach, Pilot and Fleet Service Clerk.

23. In or around the end of May 2022, Roach was training Plaintiff on loading a plane.

24. When Plaintiff bent over to pick up a piece of luggage, Roach commented, "Oh, that's a nice butterfly on your right ass cheek," in reference to Plaintiff's tattoo that he saw.

25. Plaintiff responded by asking Roach why he would say that.

26. Roach stated that he was just implying that Plaintiff needed a belt.

27. Later that day, Roach informed Plaintiff that he wanted to do more training with her one on one and to have a meal at Defendant with him to discuss the training.

28. Plaintiff agreed to do so, as she believed that it was related to her training.

29. However, during the meal, Roach proceeded to show Plaintiff a Facebook group that he was a part of for swingers at Defendant.

30. He showed Plaintiff sexually explicit pictures posted in the Facebook group of naked female employees and female employees performing oral sex on men.

31. He then showed Plaintiff a picture of him and his wife naked in a hotel room.

32. He stated that Plaintiff should come to the nude beach with him and his wife to "show off [her] birthday suit."

33. Plaintiff asked Roach why he would show her this and informed him that she was not interested and that she was very uncomfortable with it.

34. Roach then threatened Plaintiff by stating that if she reported it, he would say that she was a bad worker and ensure that she be terminated.

35. Plaintiff proceeded to report Roach's sexual harassment to the Human Resources Manager later that day in person.

36. The Human Resources Manager informed Plaintiff that he would conduct an investigation.

37. Plaintiff then reported Roach's sexual harassment to Tyrone LNU, Union Representative, who in turn, reported it to Maria Davis, Union Representative, who informed Plaintiff that Roach's sexual harassment was "unacceptable."

38. Davis then contacted Roach's union regarding Plaintiff's complaint of his sexual harassment.

39. After Plaintiff's complaint, coworkers and management frequently discussed her complaint of Roach's sexual harassment openly in front of other coworkers and in the break room.

40. Plaintiff was frequently referred to as a "rat" and a "liability."

41. They also defended Roach calling him an "asset."

42. In addition, it was stated on multiple occasions that Plaintiff would be terminated for complaining about Roach's sexual harassment.

43. In addition, Defendant began to assign Plaintiff a heavier workload in the less preferable positions and nitpick her work product.

44. For instance, Eric LNU, Fleet Service Manager, assigned Plaintiff to work in the vent for five (5) different planes in a row.

45. It is Defendant's practice to have Fleet Service Agents be assigned to work in the vent of the plan once and then rotate.

46. When Plaintiff brought this up to Eric, he threatened to tell management that she was refusing to perform her job duties.

47. Plaintiff did not refuse to perform her job duties.

48. On July 7, 2022, a Crew Chief asked Plaintiff what happened with Roach and why she had complained about him.

49. Plaintiff informed the Crew Chief that Roach had sexually harassed her.

50. The Crew Chief notified Plaintiff that he had heard her name multiple times from other coworkers and that he was afraid to work with her as a result.

51. On July 8, 2022, Ebony Williams, Fleet Service Agent, approached Plaintiff in the breakroom and informed her that a manager had told her that Plaintiff was going to get fired and had been late 26 times.

52. Williams continued that the manager had instructed her to tell Plaintiff to "just hand in her badge" because she was going to be terminated.

53. Williams said this in front of multiple other coworkers.

54. Plaintiff was not late 26 times and was offended by Williams' statement.

55. Shortly afterwards, Plaintiff reported Williams' statements to the Human Resource Manager.

56. However, he dismissed Plaintiff's complaint by stating that it was like "Mean Girls" and "high school", and not to pay attention to it.

57. Plaintiff informed the Human Resources Manager that she believed that she was being subjected to a hostile work environment that she could not work under and was leaving.

58. Plaintiff proceeded to leave Defendant.

59. Defendant did not contact Plaintiff, until in or around mid-August 2022, when it sent Plaintiff a termination letter alleging that she had been terminated for poor work performance.

60. Plaintiff was sexually harassed and retaliated against for reporting the sexual harassment in violation of Title VII, the PHRA, and the PFPO.

61. Defendant's acts and/or omissions were willful or with reckless disregard to Plaintiff's federal statutory rights.

### COUNT I – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

62. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

63. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe or pervasive.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affected a reasonable woman in Plaintiff's position.

64. The unlawful employment practices outlined above were intentional.

65. Plaintiff suffered tangible employment actions as alleged herein.

66. Defendant knew or reasonably should have known of the sexual harassment.

67. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

68. Defendant's acts and/or omissions were willful or performed with reckless disregard to her federal statutory rights.

69. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

    **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

## COUNT II – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### PENNSYLVANIA HUMAN RELATIONS ACT

70. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

71. The foregoing conduct created a sexually hostile work environment for Plaintiff.

72. Plaintiff suffered intentional discrimination because of her sex.

73. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

74. The discrimination detrimentally affected Plaintiff.

75. Plaintiff suffered tangible employment actions as alleged herein.

76. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

77. Defendant knew or reasonably should have known of the sexual harassment.

78. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

79. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### PHILADELPHIA FAIR PRACTICES ORDINANCE

80. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

81. The foregoing conduct created a sexually hostile work environment for Plaintiff.

82. Plaintiff suffered intentional discrimination because of her sex.

83. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

84. The discrimination detrimentally affected Plaintiff.

85. Plaintiff suffered tangible employment actions as alleged herein.

86. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

87. Defendant knew or reasonably should have known of the sexual harassment.

88. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

89. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

90. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

91. Plaintiff made internal complaints regarding sexual harassment and retaliation.

92. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

93. There exists a causal connection between Plaintiff's complaints of sexual harassment and retaliation and the adverse employment action.

94. Defendant terminated Plaintiff's employment as a result of her complaints.

95. Defendant's acts and/or omissions were willful or with reckless disregard for her federal

statutory rights.

96. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT V – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

97. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

98. Plaintiff made internal complaints regarding sexual harassment and retaliation.

99. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

100. There exists a causal connection between Plaintiff's complaints of sexual harassment and retaliation and the adverse employment action.

101. Defendant terminated Plaintiff's employment as a result of her complaints.

102. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI – RETALIATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

103. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

104. Plaintiff made internal complaints regarding sexual harassment and retaliation.

105. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

106. There exists a causal connection between Plaintiff's complaints of sexual harassment and retaliation and the adverse employment action.

107. Defendant terminated Plaintiff's employment as a result of her complaints.

108. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Diamond Turner, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the PHRA and the PFPO.

(j)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(k)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW LLC**

Date: February 14, 2025

By:  */s/ David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215)-545-8917
F: (215)-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*